[LOCAL LAW.]

## TAYLOR'S Lessee v. MYERS.

The owner of a survey made in conformity with his entry, and not inter-
fering with any other person's right, may abandon his survey after
it has been recorded.

The proviso in the act of March 2, 1807, c. 76. s. 1. which annuls all
locations made on lands previously surveyed, applies to subsisting sur-
veys, to those in which an interest is claimed; not to those which
have been abandoned, and in which no person has an interest.

THIS cause was argued at the last term, by Mr.
*Doddridge*, and Mr. *Scott*, for the plaintiff in error,
and by Mr. *Brush*, for the defendant.

Mr. Chief Justice MARSHALL delivered the opi-
nion of the Court.

*Feb. 12th.*

This case comes on upon two questions, certifi-
ed by the Circuit Court for the District of Ohio, in
which the Judges of that Court were divided in opi-
nion. The following is stated as the case on which
the question arose :

"The plaintiff's claim is founded on an entry da-
ted the 17th of February, 1817, surveyed the 19th
of February, 1817, and on a patent founded thereon,
dated the 18th of July, 1818, covering the premises
in question.

"The defendant showed that the plaintiff, on the
27th of February, 1797, made an entry on the pre-
mises in question on another warrant, surveyed the

same the 15th of April, 1797, and recorded the platt on the 20th of June of the same year.

" That before making the entry on which his patent is founded, he had withdrawn his said first entry and survey, by a marginal note on the record thereof, made on the surveyor's book, (if a survey so circumstanced, could be so withdrawn) and located the warrant elsewhere.

" The parties further agreed, that such withdrawals were customary ever since the year 1799."

The questions are,

1. Can the owner of a survey, made in conformity with his entry, and not interfering with any other person's right, abandon his survey after it has been recorded ?

2. Can the defendant upon these facts, protect himself, at law, under the act of Congress, passed on the 2nd of March 1807, entitled; " An act to extend the the time for locating Virginia military warrants, for returning surveys thereon to the office of the Secretary of the Department of War, and appropriating lands, for the use of schools in the Virginia military reservation, in lieu of those heretofore appropriated ;" and the several subsequent acts on the same subject ?

The military warrants, to which these questions refer, originate in the land law of Virginia. The question, whether a warrant completely executed by survey, can be withdrawn and so revived by the withdrawal, as to be located in another place, has never, so far as is known, been decided in the Courts of that State. In Kentucky, where the same law governs,

it has been recently determined, that a warrant once carried into survey with the consent of the owner, cannot be re-entered and surveyed in any other place. In Ohio, it is not understood that the question has been decided.

The first question, however, does not involve the right of the owner of a warrant, which has been surveyed, to enter and survey it elsewhere; but his right to abandon it entirely.

It draws into doubt the right of an individual, to refuse to consummate a title once begun.

In this respect no coercive principle is to be found in the act. An entry is forfeited, if not surveyed within a limited time. A survey is forfeited if not returned to the land office by a specified time. In these cases, the right of abandonment is recognized. An individual may abandon his survey, by not returning it to the land office within the time prescribed by law. Why may he not abandon it by any other unequivocal act? This is not prescribed as a single mode by which a right is to be exercised; but is annexed as a penalty for not proceeding to complete a title. The legislature determined, that no man should be allowed to lock up land from others, without such an appropriation as would subject it to the common burdens of society. He was at liberty to perfect his title, or to lose it; but was required to do the one or the other.

It seems to be an ingredient in the character of property, that a person who has made some advances towards acquiring it, may relinquish it, provided the rights of others be not affected by such relinquish-

ment. This general principle derives great strength from usage which has prevailed among these military surveys. The case states, that it has been customary, ever since the year 1799, to withdraw surveys after they have been recorded. The place surveyed has, of course, been considered as having again become vacant, and has been appropriated by other warrants, which have been surveyed and carried into grant. It would be a serious mischief, the extent of which cannot be calculated, to declare these grants void. No subject requires to be treated with more delicacy than the land titles of a country, where a law has been explained by usage. Upon the general principle, which has been stated, and upon the custom of the country in this respect, the Court is of opinion, that the owner of a survey, under the circumstances stated in the first question, may abandon it ; but by doing so he will not cancel the rights of others.

If the plaintiff was at liberty to withdraw his survey, the defendant could not protect himself, under the act of Congress, to which the second question refers. The proviso of that act, which annuls all locations made on lands previously surveyed, applies to subsisting surveys, to those in which an interest is claimed ; not to those which have been abandoned, and in which no person has an interest. A certificate is to be given in conformity with these principles.

CERTIFICATE.—This cause came on to be heard on the facts agreed by the parties, and on the question on which the Judges of the Circuit Court were

divided, and was argued by counsel; on consideration whereof this Court doth order, that it be certified to the Circuit Court of the United States for the District of Ohio:

1. That the owner of a survey, made in conformity with his entry, and not interfering with any other person's right, may abandon his survey after it has been recorded.

2. That the defendant, on the facts stated in the case, cannot protect himself at law, under the act of Congress, passed the 2d of March, 1807, entitled, "An act to extend the time for locating Virginia military warrants, for returning surveys thereon to the office of the Secretary of the Department of War, and appropriating lands for the use of schools in the Virginia military reservation, in lieu of those heretofore appropriated," and the several subsequent acts on the same subject.