### GAY R. SANDFORD v. LUMAN NORTON.

One, (not the payee) who writes his name in blank on the back of a negotiable promissory note, may always show, by parol, the extent of his contract.

If it be a mere collateral guaranty, he is entitled to reasonable notice of the default of the principal debtor, and if he do not receive it, he is exonerated to the extent of the loss he thereby sustains.

Such guaranty, as between the parties, is not negotiable.

If it be negotiated, as part of the original contract, to a *bona fide* holder, for value; *Quære*—Whether the guarantor will be holden as a joint promissor.

Upon the defendant proving the nature of his contract to have been a guaranty, merely, it is at all events incumbent upon the holder of the note to show that he gave value for it, before he can claim any advantage above the person to whom the guaranty was made.

ASSUMPSIT, against the defendant as indorser of a promissory note of the following tenor :

'Bennington, December 29, 1838.

'On the first day of April, one thousand eight hundred 'and forty, for value received, I promise to pay Uriah Edger-'ton or bearer, one thousand and fifty-six dollars.

'CALEB SAYLES.'

On the back of which note was indorsed, in blank, the names of Luman Norton and Samuel C. Raymond. The declaration also contained the common counts.

On the trial in the county court the plaintiff filled up the blank over the names of Norton and Raymond with the

following words, 'For value received we jointly and severally 'promise to pay the money within mentioned, to the said 'Uriah Edgerton or bearer.'

The plaintiff then offered said note as evidence under the common counts. This was objected to by the defendant, but the objection was overruled by the court, and the note was received as evidence under the common counts. The defendant then offered in evidence a receipt, signed by Samuel C. Raymond, in the words and figures following, to wit :

'Received, February 19, 1839, of Luman Norton a note 'signed by Caleb Sayles for one thousand and fifty-six 'dollars, dated December 29, 1838, payable on the 1st day 'of April, 1840, in full for the balance due on a judgment 'in my favor, rendered June, 1838, for the sum of $1259.25 'debt and the cost taxed at $14.07.

'S. C. RAYMOND.'

The defendant offered to prove, by parol testimony, that, subsequently to the execution of said note by Caleb Sayles and after the same had passed from the hands of Edgerton, to wit, on the 19th day of February, A. D. 1839, but before the same became due and payable, the defendant put his name on the back of said note, as a guarantor for Sayles to Raymond, by a contract then and there made between Norton and Raymond, not negotiable, and that it was made subsequently to the time when the non-imprisonment act took effect, by which execution could not issue against the body of the defendant ; but he did not offer to show that this was made known to the plaintiff, or that the note was transferred to the plaintiff without consideration, or after it became due. The plaintiff objected to all the testimony offered by the defendant, and it was rejected by the county court, and judgment rendered for the plaintiff for the amount of said note, and the defendant excepted to the decision.

*P. Isham* and *A. P. Lyman* for defendant.

The evidence offered by the defendant, to prove the contract made at the time the defendant signed his name on the back of said note, should have been admitted by the court below.

It is not denied that, in this state, as well as in Massachusetts, the law is settled that when a person, not a party to a

note, puts his name in blank upon the back of it, he is *prima facie* a joint promissor with the other signers. But, in all the early cases establishing this principle, parol testimony has been universally received to ascertain the nature and extent of the contract between the parties, at the time of such blank indorsement. Bayley on Bills (Philips & Sewall, 2d ed.) 46 to 49, and the cases there cited. *Barrows* v. *Lane* 5 Vt. R. 161. *Wiley* v. *Lewis*, 7 Conn. 301. *Sumner* v. *Gay*, 4 Pick. 310. *Peirce* v. *Man*, 17 Pick. 244. In one of the earliest cases decided in Massachusetts upon this subject, reported in the 3d Mass. R. page 274, although the plaintiff was allowed to recover, the court directed an alteration of the contract written over the blank indorsement that it might conform to the facts as proved by parol.

We believe it cannot be successfully urged, in this suit, that the plaintiff was a stranger to the contract made by Raymond and the defendant. It is a sufficient answer to this objection that, from the form of this note, as well as from the blank indorsement on the back, by a person not a party to the instrument, the plaintiff was sufficiently apprised that the defendant could not have been an original joint promissor and that it would be subject to all the liabilities which were claimed upon the trial.

The county court should have received the testimony offered by the defendant, on trial, to prove that the contract made by him with Raymond, at the time of the blank indorsement, was subsequent to the execution of the note, and after it had passed from the hands of Edgerton and after the 1st of January, A. D. 1839.

Although it may be urged that the date upon the face of the note was *prima facie* evidence of the date of such contract on the back of it, yet it was competent for the defendant to rebut that presumption by parol testimony.

It is further contended that there existed no privity between the plaintiff and defendant sufficient to allow a recovery upon the common counts. Chitty on Bills, 594. But, if otherwise, it is still insisted that when the plaintiff seeks to recover upon a bill or note, under the common counts, the bill or note loses that internal evidence of consideration which it would otherwise be entitled to, and is subject to be rebutted and destroyed by contradictory evidence on the part of the

defendant. Chitty on Bills 596. *Story* v. *Atkinson*, 2 Strange, 725. *Gibson* v. *Minet*, 1 H. Bl. 602.

*U. M. Robinson* for plaintiff.

The indorsee of the payee of a negotiable note can maintain an action for money had and received against the maker of the note.

The action lies by the holder whether by delivery or indorsement. It lies, also, although the maker signed for the accommodation of the payee. *Cole* v. *Cushing*, 8 Pick. 48. *Ramsdale* v. *Soule*, 12 Pick. 126. *Pierce* v. *Craft*, 12 Johns. 90. *Cruger* v. *Armstrong*, 3 Johns. Cases, 5. 4 Phil. Ev. note 67, page 46. Bailey on Bills, 5 ed. 390, 91, and notes. *Olcott* v. *Rathbone*, 5 Wend. 490. *Young* v. *Adams*, 6 Mass. 189. *Denn* v. *Flack*, 3 Gill. & Johns. 369. *Wild* v. *Fisher*, 4 Pick. 421. *Grant* v. *Vaughn*, 3 Burr. 1516. *State Bank* v. *Hurd*, 12 Mass. 172. *Emerson* v. *Cutts*, 12 Mass. 78. *Ellsworth* v. *Brewer*, 11 Pick. 316. *Dimsdale* v. *Lanchester*, 4 Esp. 201.

The note given in evidence was the joint and several note of Raymond, Sayles and defendant. *Campbell* v. *Butler*, 14 Johns. 349. *Knapp* v. *Parker*, 6 Vt. R. 642. *Hunt* v. *Adams*, 6 Mass. 519. *White* v. *Howland*, 9 Mass. 314. Chitty on Bills, 350. But if a joint note, defendant can only take advantage of non-joinder by plea of abatement. Chitty Pl. 29. *Nash* v. *Skinner*, 12 Vt. 219.

It was not competent for defendant to show the agreement between Raymond and defendant without proving that this was made known to the plaintiff. *Moies* v. *Bird*, 11 Mass. 436. *Nash* v. *Skinner*, 12 Vt. R. 219. *Flint* v. *Day*, 9 Vt. R. 345. *Knapp* v. *Parker*, 6 Vt. R. 642.

The holder of a negotiable note takes it discharged of all equities between the maker and payee. 4 Phil. Ev. note 69, page 50.

The opinion of the court was delivered by

REDFIELD, J.—The plaintiff's claim, in the present action, was to recover against the defendant, upon the common money counts, having abandoned the other counts. This, it is now settled, the indorsee of a promissory note may do,

BENNINGTON, even against the maker. *Chase & Grew* v. *Burnham et al.*
February, 13 Vt. R. 447.
1842.

Sandford   Still we think the evidence offered by the defendant was
v.   competent to rebut the *prima facie* proof. It did tend to
Norton.   show, 1, that the defendant signed the note, as a guarantor,
or surety merely, for Sayles; 2, that, in point of fact, no
money was ever received by him, either of Edgerton or
Raymond. As the *prima facie* right to recover upon a
promissory note, as for money, may always be repelled by
showing that the defendant did not personally receive any
portion of the money, or that no money was, in point of fact,
paid, the evidence offered in this case amounted, if believed,
to a good defence. *Stratton* v. *Rastall*, 2 Term R. 366.
I know that a fiction is sometimes resorted to, to make out
that where no money passed, that was done, which was
equivalent thereto, by shifting liabilities. Nothing of this,
however, appears in the present case. *Page* v. *Bank of
Alexandria*, 7 Wheaton, 25. Chitty on Bills, 595–6.

2. Although a person, other than the payee, putting his
name upon the back of a promissory note, in blank, may
always, in this state, be, *prima facie*, holden as a joint pro-
missor, if this is done before the delivery of the note, or,
what is equivalent, is done in consummation of a contract,
made at the time of delivery, still this presumption may
always be repelled by proof. In such case it may always be
shown, by parol, what was the precise nature of the contract
assumed by making such blank indorsement. *Barrows* v.
*Lane*, 5 Vt. R. 161. *Knapp* v. *Parker*, 6 Vt. R. 642.
*Flint* v. *Day*, 9 Vt. R. 345. In the former case, Phelps,
J. well said, a blank indorsement, or signature, 'means
nothing of itself' alone. It is, so to speak, a dead letter,
until life is infused, by showing the obligation intended to be
assumed.

3. In the present case, if the proof offered is credited, and,
for the purposes of this trial, it must be to the full extent,
this defendant, in no sense, assumed the obligation of a joint
promissor, but merely of a collateral guarantor for Sayles.
He did not indorse the note, until it had passed out of the
hands of the payee; his promise, therefore, could not have
been identical with that of Sayles. His contract was with

BENNINGTON,
*February*,
1842.

Sandford
*v.*
Norton.

Raymond, and without any concurrence with Sayles. He undertook to pay the money if Sayles failed to do it.

The precise difference in the extent of the obligation of a joint contractor and a collateral or conditional guarantor, in most respects, may not be very important. The contract of guaranty is not, as between the parties, negotiable. 3 Kent's Com. 4 ed. 124, note a. A collateral guarantor is entitled to reasonable notice of the default of the principal debtor, and if he sustain loss, or prejudice, in consequence of not receiving such notice, he will be exonerated to the extent of the loss so suffered. 3 Kent's Com. 123–4 and notes. In the case of an absolute guaranty, no demand and notice are necessary in order to charge the guarantor. Whether the defendant having signed his name, in blank, upon the back of the note, and put it in circulation before it fell due, will make him liable, as a joint promissor, to all *bona fide* holders for value, it is not necessary now to consider.

4. The evidence offered was, we think, of such a character as to impose upon the plaintiff the *onus* of showing that he did receive the note in the due course of business, and paid value for it. This I understand to be the generally received rule upon that subject, at present. The plaintiff, in opening his case, where he sues as indorsee of a note or bill, is not bound to show how he came by it, even where notice to that effect has been served upon him before the trial. 2 Starkie's Ev. 155, n. (g) 1. *Bassett* v. *Dodgekin*, 10 Bing. 40, (25 E. C. L. R. 21.) 4 Taunt. 114. But when the defendant, either by calling witnesses or cross examining the plaintiff's witnesses, makes out a case upon which none but a *bona fide* holder for value is entitled to recover against him, it then becomes incumbent upon the plaintiff to show that he is entitled to the advantage of suing in such a character. The practice of the common pleas, and some of the American courts, seems to be to require notice before the trial that such proof will be required, in order to compel the plaintiff to produce it. 2 Starkie's Ev. 156, n. B. ¬*Patterson* v. *Hardacre*, 4 Taunt. 114. Note to *Mann* v. *Lent*, 22 E. C. L. 302. The practice in the Kings's Bench seems to be otherwise, and such defence is there admitted and allowed without notice to the plaintiff to show how he came by the note or bill. *Mann* v. *Lent*, 22 E. C. L. 301, and

note. *Heath* v. *Sansom & Evans*, Id. 78. 2 Barn. &
Adolph. 291. I know that, in the latter case, Mr. Justice
Parke did insist that the *onus* rested upon the defendant
to adduce proof positively impeaching the plaintiff's title,
and adverts to the rule as correctly laid down by Eyre, Ch.
J. in *Collins* v. *Martin*, 1 B. & P. 651. But these are
merely the *dicta* of the judges, in both cases, and although
they have sometimes, by elementary writers, been insisted
upon as containing the true rule, the authoritative determin-
ations of the courts are almost all the other way. In the
case of *Heath* v. *Sansom* the subject was very fully consid-
ered by the King's Bench, in 1831. In 1833, in *Bassett* v.
*Dodgekin*, the common pleas, by a solemn determination,
established the same doctrine, Ch. J. Tindell expressly
quoting the other case with approbation. I understand the
same rule obtains in New York, and in many other of the
states. It is, I think, a rule eminently calculated to do jus-
tice. It is but a rule of practice. All the cases, and all
judges and writers upon the subject, agree that, upon proof
that the note was given under such circumstances that the
payee could not recover upon it, and that the holder gave
no value for it, or did not receive it upon proper caution
and *bona fide*, he cannot recover upon it. And this is but
simple justice. In such case he should stand in no better
condition than would the person from whom the note came
into his hands. *Prima facie*, no doubt, an indorsement, in
common form, does import a *bona fide* transfer for value.
But when it is shown that the note, (and the case of a bill
is the same,) was without consideration, or void in its incep-
tion, being obtained by force or fraud, or that it had been
lost, this does so far impeach the title of the holder as to
impose upon him the obligation of showing that he paid
value, and, in many cases, that he was guilty of no want of
ordinary care in taking it. *Gill* v. *Cubit*, 3 B. & Creswell,
466, (10 E. C. L. 154,) which has reference to lost notes,
turns upon the point of being taken without due caution.
Some of the later cases, in regard to this particular point,
seem to have receded a little from this case. 3 Kent's Com.
82, and notes. But the doctrine of the case of *Gill* v. *Cubit*,
is, in the main, adhered to. *Easeley* v. *Crockford*, 10 Bing.
243, (25 E. C. L. 116, A. D. 1833. C. Bench.) See note to

3 Kent's Com. 82. And we do not well see how any other rule could consist with a tolerable regard to justice. For, if the *onus* of proof rests wholly upon the defendant to show that the plaintiff did not give value for the note, or that he received it without proper caution, it will always be in the power of interested men to bring their suits upon such notes in the name of some plaintiff, in regard to whose title no positive proof can be adduced, and, indeed, no other proof, except that he appears in court in the questionable shape of attempting to enforce an unjust claim, which should always be a ground of presuming against the claim, unless its justice were further vindicated. But, on the other hand, if the holder of such a bill, or note, is called to vindicate his title, it will never result, in our community, whatever may be the case in the large cities, in any embarrassment, in regard to proof, if the requisite facts exist. It will, too, lead to greater caution in receiving notes and bills, and this will be a result calculated rather to advance than to hinder the course of justice, as well as the reasonable negotiability of paper.

It is apparent, in the present case, that if the plaintiff is a mere trustee of Raymond, it might be important that the suit should be against him, as guarantor, and in the name of the one to whom the guaranty was given, and who, as between them, at least, (whatever might be the rule as to innocent purchasers,) had no authority to treat it as a part of the original promise, and thus make it negotiable.

Judgment reversed and new trial.