Hollingsworth v. Holshousen.

## HOLLINGSWORTH V. HOLSHOUSEN.

A location which is sufficiently specific and certain to identify the land which it is intended to appropriate, if followed by a timely survey, is an appropriation of the land, as well before as after the survey.

A plea that the plaintiff fraudulently procured the land to be surveyed and patented to himself, well knowing at the time he procured the survey to be made, that he, the defendant, had previously appropriated the land by his location and survey, means plainly that the defendant had first appropriated the land by a location and survey anterior to any right in the plaintiff, and is not liable to objection on the ground that it does not exclude the conclusion that the plaintiff had made the first location.

Certainty to a certain intent in general, which, it is said, means what, upon a fair and reasonable construction, may be called certain, without resorting to possible facts which do not appear, is always sufficient in a plea in bar.

The defendant in an action of trespass to try title to land may plead his defences specially, and if he do so, the plaintiff must allege any matters which he has in avoidance, but it is not necessary for him to allege facts which rebut, contradict, explain or disprove such special pleas.

Quere, whether notice of matter in avoidance of a special plea in an action of trespass to try title, will dispense with the necessity of pleading it.

It would seem that where exceptions are sustained to a special plea in an action of trespass to try title, but the defendant introduces the same defence under the general issue, and had notice at a previous Term of the matter in avoidance of such special defence introduced by the plaintiff, this Court would treat the ruling on the exceptions to the special plea, as a mere irregularity for which the judgment would not be reversed.

What will be a sufficiently certain assignment of error in the charge, or when it will be necessary to ask instructions, to correct an error, or supply an omission in the general charge of the Court, can never be matter of general definition, or general rules, which will be applicable in all cases.

The mere occurrence of an immaterial error, or error in some matter of minor importance, (in charge to the jury,) which manifestly has had no influence upon the decision of the case, will not authorize a reversal, though made the subject of an exception and assigned as error.

Nor will error, (in charge to the jury,) which has been acquiesced in by the parties at the trial, though assigned as error, when there is not good reason to apprehend that it may have misled the jury, to the prejudice of the party.

Yet, when it is evident the verdict of the jury has been made to turn upon an erroneous charge, and the judgment upon the merits is thus founded on error, I apprehend this Court would not feel itself authorized to decline its revis-

ion, if necessary to attain the law and right of the case, though there was no complaint of the charge at the trial, or even though the assignment of error was general; upon the principle either that the error was too apparent and palpable to escape observation, or that where the objection goes to the foundation of the action, or to the very right and justice of the decision on the merits, the Court will consider it, though not specially assigned as error.

Without attempting to deduce a general rule of universal application, it will suffice for the present to observe, that it has been the practice of the Court to revise the judgment upon a general assignment of error in the charge, where there is a material error apparent, which there is reason to believe influenced the verdict of the jury to the prejudice of the party.

The charge proceeded upon the principle that the question of abandonment (of a previous location) was one of law, to be determined upon the facts recited in the charge; and that the jury were only to ascertain the existence of those facts, and apply to them the law as given in the charge; which was, in effect, to decide the case, as the facts were unquestionable; whereas, the question was one of fact, to be decided by the jury, upon all the circumstances of the case.

A party may abandon his location or survey at any time before his certificate is merged in a patent, provided he does not thereby interfere with the rights of any other person. And evidence of any unequivocal act, indicative of such intention, is sufficient to authorize a jury to find the fact of abandonment.

The title to John Scott appearing to have been regularly issued and of record in the General Land Office, the defendant was entitled to the presumption that it was a valid subsisting title, until the contrary was made to appear. The land within the limits of the survey, *prima facie*, was not vacant; the survey upon it, on the certificate of Gray, conferred no right; was merely void; and did not merge the certificate, or prevent the location of it elsewhere upon vacant land.

The Commissioner of the General Land Office has authority to give copies of maps, as well as titles, of record in his office; and his certificate may undoubtedly be received to show the connexion of the maps with the titles, and thus, it seems, to show, *prima facie*, that a subsequent survey conflicts with a prior one.

Whether the certificate of the Commissioner of the General Land Office to facts contained in the papers, documents or records of his office, though contemplated by the statute, (Hart. Dig., Art. 1352,) is admissible in evidence. Quere ?

Appeal from Rusk. The transcript in this case not being found in the Clerk's office, the Reporters are unable to give a statement of the case.

*S. P. Hollingsworth*, for appellant.

*S. P. Donley* and *W. B. Ochiltree*, for appellee.

WHEELER, J. It will be proper to notice the ruling of the Court upon the pleadings, and the admissibility of the plaintiff's evidence under them, as much of the elaborate arguments of counsel have been devoted to this branch of the case, and it may become of some importance hereafter; though our opinion, in disposing of the case, will proceed upon other grounds.

The appellant, who was defendant below, insists that the Court erred in sustaining exceptions to his special pleas, and admitting evidence in avoidance of his evidence of title introduced under the plea of "not guilty," without averment by the plaintiff of the matter in avoidance of his title.

It was the right of the defendant to plead specially his defences, if he saw proper, though they were equally available under his plea of not guilty. (Hunt v. Turner, 9 Tex. R. 385.) The pleas were excepted to on various grounds; but those now relied on in support of the judgment of the Court are—1st. That the defendant did not aver that the plaintiff had not a location on the land prior in point of time to the defendant's location and survey; 2nd. That the defendant, having been allowed to avail himself of his defences under the plea of not guilty, has sustained no injury by the ruling of the Court sustaining exceptions to the pleas.

Where the equities of the parties are in other respects equal, unquestionably the one having the prior location has the better right. Therefore, the mere fact that the defendant had the elder survey, would not entitle him to the land, if the plaintiff had the prior location. But where nothing appears in respect to any location anterior in date to the survey, that must be taken to be the inception of the title. The land may be appropriated by a location anterior to the survey; or by a

survey, without any prior location other than the act of pointing out, or designating the land to be surveyed, at the time. The patent, when obtained, will relate to the inception of the title ; and he who first appropriated the land, in either mode, will have the better right and title, unless his equity is impaired by the circumstances of the case. A location which is sufficiently specific and certain to identify the land which it is intended to appropriate, if followed by a timely survey, is an appropriation of the land, as well before as after the survey. It cannot be denied, therefore, that if the plaintiff had the prior location he had the better title, though the defendant had the elder survey. Relying on the priority of right, in order to show a prior equity in himself and avoid the plaintiff's patent, it was necessary for the defendant to .show, by his plea, with reasonable certainty, that he had first appropriated the land. This, we think, he does when he avers the priority of his survey to the plaintiff's, and that the plaintiff fraudulently procured the land to be surveyed and patented to himself, well knowing at the time he procured the survey to be made, that he, the defendant, had previously appropriated the land by his location and survey ; the plain sense and meaning of which is, that the defendant had first appropriated the land by a location and survey, anterior to any right in the plaintiff. This, we think, appears by the averments, to a sufficient and reasonable certainty ; which is defined or rather described by Lord Coke, as certainty to a certain intent in general ; (Coke Litt. by Thomas, p. 288 ;) which, it is said, means what, upon a fair and reasonable construction, may be called certain, without resorting to possible facts which do not appear, (9 Johns. R. 317,) and is always sufficient in a plea in bar. To require the defendant by averment expressly to negative that the plaintiff had any "file" or location prior to his survey and that of the plaintiff, would be to require such certainty as to preclude all argument, inference or presumption against the party pleading ; as it is sometimes expressed, certainty to the

exclusion of every conclusion to the contrary ; which is technically called certainty to a certain intent in every particular, and is that technical accuracy which is not liable to the most subtle and scrupulous objections, so that it is not merely a rule of construction, but of addition ; for where this certainty is required, the party must not only state the facts of the case in the most precise way, but add to them such as show that they are not to be controverted, and, as it were, anticipate the case of his adversary. Such certainty is never required in pleas to the merits, but only in pleas in abatement, and such pleas as, it is said, are regarded by the Courts with disfavor, because they are designed to delay the trial of the merits of the action, and hinder the attainment of justice. But, without regard to these technical distinctions as to certainty, which, owing to the difficulty of attaching any precise idea or certain meaning to the language employed to indicate the degrees of certainty, are of but little practical utility, to hold the plea insufficient for the want of such negative averment, would be requiring too great strictness—greater than has heretofore been required in our practice ; and would be to place too great a burden of proof on the defendant. *Prima facic,* the party who has the elder survey, may be considered as having first appropriated the land, that being the most public and notorious act of appropriation ; and if the owner of the junior survey would establish a superior equity, he may show that his was a prior location. The defendant's averments of a location and survey of anterior date to the plaintiff's survey, and that the latter had procured his survey to be made with knowledge and in fraud of the defendant's prior right, are, we think, *prima facie,* sufficient. If the plaintiff would avoid the effect of the defendant's elder survey, it devolved on him to show a prior location. It was not necessary for the defendant to anticipate the plaintiff's case, by an averment expressly negativing the fact of such prior location. We conclude, therefore, that the pleas were not insufficient by reason of their omission, by

averment, to exclude the possibility of any superior equity in the plaintiff; and that the Court erred in sustaining the exceptions.

If the pleas had been permitted to stand, to have enabled the plaintiff to introduce evidence in confession and avoidance of the title pleaded, on the authority of Paul v. Perez, (7 Tex. R., 338,) and Rivers v. Foote, (11 Tex. R., 662,) it was incumbent on him to give notice of the matter on which he relied in avoidance of the title, by pleading; though pleading would not be necessary to the admission of rebutting evidence, or evidence to contradict or explain the defendant's evidence, or to disprove the case which it conduced to establish. (Hunt v. Turner, 9 Tex. R. 387.) But the only object of the rule requiring the plaintiff to plead such matter in avoidance, it would seem, is to give notice, so that the defendant may not be taken by surprise by the evidence adduced against him. And notice of the matter intended to be relied on by the plaintiff, in evidence, had been given by the application on which the new trial was awarded at a former Term, as effectually as it could be by pleading; which takes this case out of the reason of the rule, and ought, therefore it would seem, to be held to take it out of its operation also. And I apprehend the Court would hesitate to reverse the judgment on account solely of the admission of the evidence, under the circumstances, though the pleas had been permitted to stand. That question, however, it does not become necessary to determine.

Again, the ruling of the Court sustaining exceptions to the pleas, does not necessarily require a reversal of the judgment. Where the defendant has had the full benefit of his defences, under his plea of "not guilty," and can have sustained no injury by reason of the ruling of the Court upon his special pleas, it would not accord with the practice of this Court, to reverse the judgment for an error, which had thus become wholly immaterial, and may be considered as but a mere irregularity in practice, in no way affecting the decision of the

case or the judgment of the Court upon the merits of the defences pleaded. (McClenny v. Floyd, 10 Tex. R. 159.)

It remains to consider the rulings of the Court upon instructions to the jury. It is objected to the revising of the charge of the Court, that the assignment of error does not specify in what particular the charge is erroneous.

What will be a sufficiently certain assignment of error in the charge, or when it will be necessary to ask instructions, to correct or supply an omission or error in the general charge of the Court, can never be matter of general definition, or general rules, which will be applicable in all cases. Every case must depend upon its own circumstances. On the other hand, the mere occurrence of an immaterial error, or error in some matter of minor importance, which manifestly has had no influence upon the decision of the case, will not authorise a reversal, though made the subject of exception and assigned as error ; nor will error which has been acquiesced in by the parties at the trial, though assigned as error, when there is not good reason to apprehend that it may have misled the jury to the prejudice of the party ; yet, on the other, when it is evident the verdict of the jury has been made to turn upon an erroneous charge, and the judgment upon the merits is thus founded on error, I apprehend this Court would not feel itself authorized to decline its revision, if necessary to attain the law and right of the case, though there was no complaint of the charge at the time, and though the assignment of error was general, upon the principle either that the error was too apparent and palpable to escape observation, or that where the objection goes to the foundation of the action, or to the very right and justice of the decision on the merits, the Court will consider it, though not specially assigned as error ; (10 Tex. R. 33 ; 11 Id. 572 ;) for where the decision is manifestly against right, or contrary to law, as has been said, it would shock the sense of justice to permit the judgment to stand. Without attempting to deduce a general rule of universal ap-

plication, it will suffice for the present to observe, that it has been the practice of the Court to revise the judgment upon a general assignment of error in the charge, where there is a material error apparent, which there is reason to believe influenced the verdict of the jury to the prejudice of the party. (See Earle v. Thomas, 14 Tex. R., 583.)

The decision of the present case evidently turned upon the question of abandonment of the survey made by Gray upon his conditional certificate, in Montgomery county, in 1839, prior to the defendant's location and survey upon the unconditional certificate, of the land in question. And it is evident the charge of the Court was calculated to induce the belief on the part of the jury, that the facts in evidence did not authorize them to find such abandonment. It may be very true that the circumstances mentioned in the charge—which were, in substance, the transfer of the unconditional, after the survey upon the conditional certificate, did not, of themselves, constitute an abandonment of the first survey. But these were not all the facts of the case having a legitimate bearing on the question. Yet the jury would doubtless understand, from the manner in which the charge was framed and presented, that these were all the circumstances which it was material for them to take into account in order to a decision ; and that it was the opinion of the Court, upon the facts of the case, that, in contemplation of law, there had been no abandonment of the location upon the conditional certificate. Under this impression, doubtless, the jury returned their verdict. The charge proceeded upon the principle that the question of abandonment was one of law, to be determined by the Court upon the facts recited in the charge ; and that the jury were only to ascertain the existence of those facts and apply to them the law as given in the charge ; which was in effect to decide the case, as the facts were unquestionable. Whereas, the question was one of fact, to be decided by the jury, upon all the circumstances of the case. A party may abandon his

location and survey at any time before his certificate is merged in a patent, provided he does not thereby interfere with the rights of any other person. (3 Tex. R. 344 ; 7 Wheat. 23 ; 4 Peters, 331.) And evidence of any unequivocal act, indicative of such intention, is sufficient to authorize the jury to find the fact of abandonment. The mere transfer by Gray to the defendant, of the unconditional certificate, he having previously made a survey upon the conditional certificate, may not have constituted an abandonment of the survey, as the Court in effect instructed the jury. But there were other facts which were to be considered in deciding upon the question. The survey upon the conditional certificate had been made by Gray, the original grantee and holder, in Montgomery county, in 1839 ; in 1841 he obtained the unconditional certificate ; and this he afterwards assigned to Blackburn, who assigned it to the defendant in 1847. In January, 1849, the defendant located the certificate and caused a survey to be made of the land in question. The great lapse of time since the survey upon the conditional certificate ; the fact that the unconditional certificate was assigned without any mention of the location of the conditional, or, in fact, any evidence that the defendant was even informed that it had ever been located ; his subsequent location and survey upon the unconditional certificate, were circumstances calculated to induce the belief that the first survey had been abandoned by Gray before he sold the unconditional certificate ; or, at least, that if the defendant in fact knew of the former survey, and had ever entertained the intention of claiming the land embraced by it, he had abandoned such intention when he made his survey of the land now in controversy. The question of abandonment should have been left to the decision of the jury upon all the circumstances in evidence ; and it would have been proper for the Court to instruct them, that they might find from the evidence, that the former survey had been abandoned. We think the charge of the Court was calculated to mislead ; and that there can be little doubt

that it did mislead the jury, to the prejudice of the defendant ; the more especially when the further fact is considered, that the former survey had been made upon land to which there was already in existence a prior title.

And this brings us to consider the ruling of the Court refusing instructions asked by the defendant—to the effect that, if the conditional certificate was located upon an old title regularly issued and on file in the General Land Office, the survey was void, and the defendant had a right so to regard it. It is possible that the title, referred to in the instructions asked, had been forfeited and lost by abandonment of the country ; or, that it was otherwise void, and the land in fact vacant and subject to location. But, *prima facie*, the conclusion, from the evidence, must be, that it was a valid subsisting title. If so, it can not admit of question, that the survey made over it by virtue of the certificate of Gray was void, and the defendant had the right so to treat it. The title to John Scott appearing to have been regularly issued and of record in the General Land Office, the defendant was entitled to the presumption that it was a valid subsisting title, until the contrary was made to appear. The land within the limits of that survey, *prima facie*, was not vacant ; the survey upon it, on the certificate of Gray, conferred no right—was merely void ; and did not merge the certificate or prevent the location of it elsewhere upon vacant land. We are of opinion, therefore, that the Court erred in refusing the instruction asked by the defendant.

It is to be observed, that there is and can be no pretence, that the plaintiff was misled in making his survey, by the fact of this prior survey, upon the conditional certificate of Gray ; or, that he was thereby induced to make his survey upon the land in controversy, under the belief that the defendant's certificate was located upon other land ; for by his application for a new trial at a former Term, it appears that the existence of that survey did not come to his knowledge until after this case was on trial.

Hollingsworth v. Holshousen.

It is objected by the appellee, that the "sketch" certified as a copy from the map in the General Land Office, showing the conflict of the surveys of Scott and Gray, with the certificate of the Commissioner thereto annexed, was not admissible, or competent evidence of the fact it was proposed to prove ; that is, that the survey under Gray's certificate was made upon an old title. We think differently. The Commissioner has· authority to give copies of maps, as well as titles, of record in his office ; and his certificate may undoubtedly be received to show the connection of the maps with the titles. Otherwise it might be necessary to take his deposition to show the connection of records appertaining to and constituting parts of the same title ; which would be attended with great inconvenience, without any corresponding benefit. Whether his certificate of what appeared by the records of his office, as to the validity of the title, is evidence or not, is immaterial. The fact that the title appears to have been regularly issued, and is of record in his office, is *prima facie* evidence that it is a legal and valid title, without his certificate to the fact that it so appears ; and his certificate to that effect is but an affirmation of what will be presumed in the absence of any thing appearing to the contrary. Its admission, therefore, could not prejudice the plaintiff, though it may not have added any thing to the strength or weight of the defendant's evidence.

Because the Court erred in the charge to to the jury, and in refusing instructions asked by the defendant, the judgment is reversed and the cause remanded.

Reversed and remanded.