## EASTERN TOWNSHIPS BANK *v.* ST. JOHNSBURY & L. C. R. Co.

*(Circuit Court, D. Vermont. November 7, 1889.)*

1. RAILROAD COMPANIES—LEASE—ULTRA VIRES.
     Under R. L. Vt. § 3303, authorizing railroad companies to lease and operate the roads of other companies, a contract of lease by which the lessee guaranties the payment of the interest on bonds given in payment for the construction of the road, the interest being the same amount, and payable at the same times as the agreed rent, is valid.

2. SAME—GUARANTY TO PAY INTEREST—CONSTRUCTION.
     A guaranty to "pay the interest upon the within bond as specified in the interest coupons thereto attached," is not a separate promise to pay each coupon, but is a guaranty of the whole interest to become due on the bonds, and, though each coupon is for less than $100, the guaranty is not prohibited by R. L. Vt. § 3350, requiring the obligations of a railroad company to be for not less than $100 each.

3. SAME—NEGOTIABILITY OF GUARANTY.
     Although the bonds and coupons are negotiable, the guaranty is not, it being neither a bill nor a note, which instruments are alone negotiable under R. L. Vt. §§ 2002, 2003, and the guarantor may make any defense to an action on his contract by the transferee of the bonds or coupons that he could have made if sued by the original payee in the bonds.

At Law.

*Dickerman & Young* and *Albert P. Cross,* for plaintiff.
*Stephen C. Shurtleff* and *Richard Olney,* for defendant.

WHEELER, J. The defendant joined with other railroad companies in taking a lease of the railroad of the Canada Junction Railroad Company, not built, but agreed to be built by Bradley Barlow, and in the execution of this guaranty upon 150 $1,000 negotiable bonds of that company, which Barlow was to have in payment for building the road: "For value received in the use and operating of the Canada Junction Railroad under a lease thereof and assignments of said lease, the Montreal, Portland & Boston Railway Company, the Southeastern Railway Company of Canada, and the St. Johnsbury & Lake Champlain Railroad Company of Vermont, do hereby jointly and severally guaranty the payment of the interest upon the within bond, as specified in the interest coupons thereto attached at the place and at the several dates therein specified." The rent was equal to the coupons, which were themselves negotiable, in amount and times of payment. The bonds, with the guaranty upon them, and coupons attached, were delivered to Barlow, and by him pledged to the Vermont National Bank of St. Albans, and by that bank to the plaintiff, to secure advances of money. Barlow failed without accomplishing but a small part of the building of the road, and his failure caused the enterprise of building the road, and the

Vermont National Bank, to fail. The road has never been built, and through the failure and default of Barlow, the defendant, with the other railroad companies, has been deprived of the use and operating of it. for which the guaranty was made.

.This suit is brought by the plaintiff, as holder of the bonds and coupons for value, upon the guaranty, to recover the amount of the coupons due, and has been heard by the court upon written waiver by the parties of a trial by jury. The defendant contends that the guaranty was without the scope of its corporate powers, and therefore void; and relies upon *Thomas* v. *Railroad Co.*, 101 U. S. 71, *Railroad Co.* v. *Railroad Co.*, 118 U. S. 290, 630, 6 Sup. Ct. Rep. 1094, and *Navigation Co.* v. *Railway Co.*, 130 U. S. 1, 9 Sup. Ct. Rep. 409, in support of this position; and that, if not, the consideration has so far failed, through the default of Barlow, to whom the bonds were first delivered, that it ·has ceased to be binding. In those cases no power had been conferred upon the corporations in question, by their charters or the laws under which they existed, to enter into the contracts held to be *ultra vires* and void. The laws of Vermont, under which the defendant has and exercises its corporate powers, provide that "railroad companies in this state may make contracts and arrangements with each other, and with railroad corporations incorporated under the laws of other of the United States, or under the authority of the government of Canada, for leasing and running the roads of the respective corporations, or a part thereof, by either of their respective companies." R. L. Vt. § 3303. This statute conferred ample power upon the defendant corporation to take the lease, and to agree to pay the rent as it should fall due, and doubtless to arrange for paying the rent, by paying coupons of the same amount or guarantying their payment. *Railroad Co.* v. *Railroad Co.*, 34 Vt. 1, 50 Vt. 500; *Langdon* v. *Railroad Co.*, 54 Vt. 593; *Hazard* v. *Railroad Co.*, 17 Fed. Rep. 753. To hold these arrangements to be within the corporate powers of the defendant appears to be in accordance with the principles of, and not contrary to, the decisions of the supreme court of the United States referred to. The laws of the state also provide that "a railroad corporation, if it so votes at a meeting of its stockholders called for that purpose, may issue its notes or bonds in sums not less than one hundred dollars to raise money or to extinguish any debt or liability of the company, on time not to exceed thirty years, and at a rate of interest not to exceed seven per cent." R. L. Vt. § 3350. In a class of cases absolute guarantors of payment of promissory notes by indorsement upon the notes themselves have been holden as makers. *Hough* v. *Gray*, 19 Wend. 202; *Miller* v. *Gaston*, 2 Hill, 188; Edw. Bills, 220. These guaranties are not upon the coupons, strictly, but upon the bonds separate from the coupons. If, however, they should be considered as being upon the coupons, so that each coupon would be a note of which the defendant was maker, the statute would not cover them, but might impliedly exclude them as notes of the defendant, because each one is less in amount than the statute allows. To hold the defendant to be a guarantor of the interest on the bonds, instead of a maker of the coupon,

seems to be most consistent; for the parties are to be presumed to have intended that this contract should be good rather than void.

The undertaking of the defendant as it stands on each bond is to be construed in view of the circumstances apparent to all under which it was entered into. The road was to be built before the use and operating could be had. The value received in the use and operating acknowledged was to be received afterwards, before the respective installments would fall due. The meaning of the contract seems to have been that for the use and operating of the road the defendant and the other companies would see the interest paid. They assumed that the road should earn enough to pay the interest as it should fall due, and that the earnings should be applied to the payment of it, if not paid otherwise. The consideration was future, and if it failed the agreement would fail for want of any.

The guaranty named no particular person as guarantee, but was open to whoever should acquire the bonds first. *Watson* v. *McLaren,* 19 Wend. 557. Barlow was the first to acquire these bonds as holder. Had he kept them he could not have enforced them, as to either principal or interest, against the maker; for they were made and delivered to him for building the road, and when he failed to do that the consideration failed. Relief of the maker would relieve the guarantor. This consideration as to the maker rests upon the supposition that the instruments, although under seal of the corporation, and in form and name bonds, are simple contracts, whose consideration may be inquired into. If, however, the seals conclusively import consideration for the bonds, as such, in respect to the maker, the guaranty is not under seal, and is unquestionably a mere simple contract. The consideration of that which was expressed to be the use and operating the road, and different from that of the bonds, has failed also through the default of Barlow. He could not deprive the defendant of the consideration of this contract and at the same time enforce it. The plaintiff is not entitled to recover upon this guaranty unless it has some right superior to Barlow's. The only source for such right is the supposition that the guaranty had the qualities of negotiable paper, and was current for what it appeared to be to those taking it, without notice of infirmity, for value. The bonds and coupons are expressly negotiable. The guaranty is not by its own terms made to be so. The negotiability of the instruments with which it is connected does not appear to be sufficient to make it so. The statute declaring negotiability of bills and notes, taken from that of 3 & 4 Anne, c. 9, does not extend to any other instrument. R. L. Vt. §§ 2002, 2003; Edw. Bills, 219. These collateral contracts, made by those not parties to the notes, are not generally understood to partake of the negotiability of the instruments on which they may be placed. *Taylor* v. *Binney,* 7 Mass. 479; *True* v. *Fuller,* 21 Pick. 140; *Watson* v. *McLaren,* 19 Wend. 557; *Miller* v. *Gaston,* 2 Hill, 188; Story, Prom. Notes, § 484; *Sandford* v. *Norton,* 14 Vt. 228; *Sylvester* v. *Downer,* 20 Vt. 355. Especially must this be true where, as here, the principal of the instrument upon which the guaranty is placed is not included in the guaranty, and the guaranty expressly rests upon

a separate consideration.    This guaranty appears from all these considerations to have been a mere simple contract with Barlow collateral to 'the bonds, whose character was apparent upon its face, and which could not be . enlarged or made more indefensible in the hands of subsequent holders, . with or without further notice, and whether for value or otherwise. *Trust Co.* v. *Bank*, 101 U. S. 68.    The Vermont National Bank acquired all the rights that Barlow had to the bonds and coupons, with the guaranty on the bonds, including the right to enforce the guaranty in his name so far, and so far only, as he could enforce it for any purpose.    The plaintiff took the same rights, and does not now appear to have in any manner acquired any greater.    No view of these instruments is presented, or presents itself, upon which the plaintiff appears to be entitled to recover in this case.    The judgment here must therefore be for the defendant.