RENA M. STEVENS *vs.* I. E. GIBSON.

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

*Plea Construed—Guaranty Absolute or Conditional.*

A plea which alleges that the defendant signed the note without any consideration whatever, but also alleges that he did so at the request of the payee and his co-signers as a guarantor to the payee and that the payee loaned the money with that understanding, must be construed to mean only that the defendant received none of the money for which the note was given.

A promise to pay a note when due if the principal does not is an absolute guaranty.

ASSUMPSIT in the common counts and a special count upon the promissory note herein copied. The defendant pleaded a special plea in bar, given below, to which the plaintiff demurred generally. Heard on demurrer at the June Term, 1896, Bennington County, *Start* J., presiding. Demurrer sustained and plea adjudged insufficient. The defendant excepted.

The note reads as follows:

"$500.                    Camden, N. Y., Oct. 27, 1893.

One year after date I promise to pay to the order of Mrs. W. T. Stevens, Five Hundred Dollars, at Camden, N. Y. Value received, with interest.

E. W. GIBSON,
A. L. GIBSON,
J. E. GIBSON,
R. F. FARGO."

Mrs. W. T. Stevens is the plaintiff.

The plea reads as follows: "That said note was given to the said plaintiff by E. W. Gibson and A. L. Gibson, makers thereof for a certain sum of money, to wit, the sum of five hundred dollars then loaned to them by the plaintiff and for their sole use and benefit, to wit, at Camden in the state of New York, to wit on the      day            1893, as was well known to the plaintiff at the time she so loaned the same and received said note; that this defendant signed his name to said note with, and at the request of the said plaintiff and said E. W. Gibson and A. L. Gibson, who also signed it without any consideration whatever therefor, as was well known to the plaintiff at the time she loaned said money and received said note; and this defendant signed the same at the request of the plaintiff and the said Gibsons as aforesaid, to guarantee and as a guarantor to the plaintiff that he would pay said note when it became due if they did not, as was well known to said plaintiff, when she received the same and loaned said money, and she did receive said note and loan said money with that understanding; that at the time said note became due, to wit, on

the 27th day of October, 1893, and for a long time, to wit, for one year and more thereafter, said E. W. and A. L. Gibson were possessed of a large amount of property and more than sufficient to satisfy said note beside what was exempt from execution, and which property was located and situate in Camden, New York, where they and the plaintiff then resided and still reside, and this defendant then resided and still resides in Bennington, Vermont; and said note then and during that time could have been collected from said property of the said E. W. and A. L. Gibson in due course of law as the plaintiff well knew; and no demand was made on said E. W. and A. L. Gibson or on the defendant or R. L. Fargo, the other person who signed said note, for the payment of said note when it became due, and no notice was given by the plaintiff or anyone in her behalf to this defendant when it became due that it had not been paid; nor did this defendant know or have notice from the plaintiff, or from anyone, for the space of one year and more after said note became due, that said note had not been paid, and at the time this defendant first knew said note had not been paid the said E. W. and A. L. Gibson were entirely insolvent and ever since have been and still are, and said note or any part thereof could not at any time since then and cannot now be collected of them or from their property."

*Batchelder & Bates* for the defendant.

The plea alleges that the defendant is a conditional guarantor. If he was he was entitled to notice of the principals' failure to pay and is discharged by the laches of the plaintiff. *Bank* v. *Haynes*, 8 Pick. 423; *Sandford* v. *Norton*, 14 Vt. 228; *Sylvester* v. *Downer*, 20 Vt. 361; *Keath* v. *Dwinnell*, 38 Vt. 286; *Morris* v. *Wardsworth*, 17 Wend. 103.

*Barber & Darling* for the plaintiff.

The plea itself shows a consideration for the defendant's contract.

The defendant says he promised to pay the note when it became due if the other makers did not. But this is an absolute guaranty under the decisions in this State. *Smith* v. *Ide*, 3 Vt. 295; *Knapp* v. *Parker*, 6 Vt. 642; *Train* v. *Jones*, 11 Vt. 444; *Peck* v. *Barney*, 13 Vt. 93; *Sylvester* v. *Downer*, 18 Vt. 32; *Bank* v. *Downer*, 27 Vt. 539; *Noyes* v. *Nichols*, 28 Vt. 160; *Mitchell* v. *Clark*, 35 Vt. 104.

ROWELL, J. The note in suit reads, "I promise to pay," and is signed by four—two Gibsons other than the defendant, and Fargo. On the face of it the note is, in legal effect, joint and several, and the signers are makers. But the defendant seeks by his plea to stand as a conditional guarantor, damnified for want of notice of the principals' default.

If the plea is construed to allege that the defendant signed the note without any consideration whatever, as he contends it should be, it is repugnant, as it also alleges that he signed it at the request of the plaintiff and the other Gibsons, "to guarantee, and as a guarantor, to the plaintiff that he would pay said note when it became due if they did not," and that the plaintiff received the note and loaned the money with that understanding. This is certainly a sufficient consideration to support the defendant's undertaking. But when a pleading is capable of different meanings, it clashes with no rule of construction to construe it in the sense in which the pleader must be understood to have construed it, supposing him to have intended it to be consistent with itself. *Royce* v. *Maloney*, 58 Vt. 437, 445. Applying this rule, it is clear that the pleader meant that the defendant signed without consideration in that he received none of the money for which the note was given; for the plea alleges that the money was loaned to the other Gibsons, and was for their sole use and benefit, to the knowledge of the plaintiff when she made the loan and took the note.

The next question is whether the guaranty set up is

conditional or absolute. The defendant claims that it is conditional, and relies largely on *Sandford* v. *Norton*, 14 Vt. 228, to show it. That case seems not to have been very fully reported. It shows that the defendant offered to prove by parol that after the note passed from the payee's hands, and before it became due, he put his name on the back of it as guarantor for the maker to Raymond, pursuant to an agreement then made between them without the concurrence of the maker; but the terms of that agreement are not stated, except that the court says in the opinion that if the testimony offered was credited, the defendant was in no sense a joint maker, but merely a collateral guarantor, and undertook to pay the note if the maker did not. But in *Sylvester* v. *Downer*, 20 Vt. 355, *Judge Redfield*, who delivered the opinion in *Sandford* v. *Norton*, says that judgment was reversed in that case because the court excluded the testimony offered to show that at the time the defendant put his name on the back of the note he was understood to assume only the obligation of a common indorser, and therefore was entitled to demand and notice. He says he presided at the next trial, and admitted the testimony, and that the plaintiff obtained a verdict by showing demand and notice. The case went to the supreme court from that trial, and is reported in 17 Vt. 285. *Williams*, C. J., who delivered the opinion then, said it was to be taken that the testimony established that the defendant was not a maker nor a guarantor but an indorser. So that case is not much in point for the defendant in this case; but *Noyes & Co.* v. *Nichols*, 28 Vt. 159, is much in point against him. The language of the guaranty there was, "I will be accountable to you for all his contracts or agreements, as you and he may agree; and in case he does not fulfil them as agreed, I will guarantee the payment thereof." This was held to be an absolute guaranty. The court said that the addition of the words, "in case he does not fulfil them as agreed," did not alter the nature of the undertaking, nor

impose any duties on the plaintiffs that would not exist without them, and that demand and notice were not necessary. That guaranty and this are alike in legal effect.

*Judgment affirmed and cause remanded.*